UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **KENDRA J. DUNCAN,** | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO.: 1:25-cv-01476-SEB-CSW |
| **IQVIA and SALLY SCHMIDT** | ) |
| Defendants. | ) |

**AMENDED COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL**

Plaintiff, Kendra J. Duncan (hereinafter "Duncan"), by counsel, files her Amended Complaint for Damages and Request for Jury Trial against Defendant, IQVIA for violation of her rights under the Americans with Disabilities Act, as amended ("ADA"), the Age Discrimination in employment Act ("ADEA"), the Family Medical Leave Act ("FMLA") and the Employee Retirement Income Security Act of 1974 ("ERISA")

Duncan also sues Sally Schmidt (hereinafter "Schmidt") individually for violation of her rights under the Family Medical Leave Act ("FMLA") and for violation of Section 510 of ERISA.

Duncan also brings a state common law suit against IQVIA for Promissory Estoppel.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction under 28 U.S.C. § 1331 to try the case and has personal jurisdiction over the parties because it involves a question of federal law. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 to try Duncan's Promissory Estoppel claim.

1

2. IQVIA conducts business operations in Indianapolis, IN.

3. Defendant Sally Schmidt was at all relevant times a managerial employee of IQVIA.

4. Plaintiff resides in Muncie Indiana and performed work for IQVIA while residing and working in Muncie, IN. All actions which form the basis of Plaintiff's claims stemmed from Duncan's employment with Defendants.

5. On May 10, 2024, Duncan filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, Charge No. 470-2024-03806, alleging age and disability discrimination under the ADEA and ADA, respectively.

6. On April 30, 2025, Duncan received the EEOC's Notice of Dismissal and Right to Sue, dated April 30, 2025.

7. Duncan timely files her ADEA and ADA suit within ninety days of receiving the EEOC's Notice of Right to Sue.

## SUPPORTING FACTS

8. Duncan incorporates all preceding paragraphs as if stated herein.

9. Duncan is a member of the protected age group under the ADEA in that, during the relevant time period of her claims, she was over the age of forty years.

10. IQVIA acquired Concentrics Research LLC in or around October 2022.

11. Duncan applied for a full-time position at Concentrics Research LLC.

12. However, Duncan was hired by Concentrics Research LLC on or about November 16, 2020, as a PRN Recruitment Associate.

13. Duncan was promised a promotion to full-time status "in a short while" which never materialized.

14. Full-time status would have qualified Duncan for health insurance benefits.

15. Instead, in October 2023, IQVIA converted Duncan from PRN to part-time Recruitment Associate, which qualified her for some benefits, but not health insurance.

16. Upon the acquisition of Concentrics Research LLC by IQVIA, Duncan and her chain of command became IQVIA employees.

17. Defendant IQVIA became aware of Duncan's age through her employment records.

18. Duncan self-disclosed to Defendants that she had a disability.

19. Duncan also disclosed to Defendants that her child had a disability.

20. Over the course of many months, Duncan repeatedly requested to be converted to "full-time" status so she would qualify for health insurance.

21. Duncan was told many times that "they were working on it."

22. On December 21, 2022, when Duncan followed up on her request for full time status, Sally Schmidt, Duncan's boss, told Duncan that she would continue to look into Duncan's request for full time but that she (Duncan) was taking too much time off to care for her disabled son, thus expressing pessimism that Duncan's request would be approved.

23. On January 6, 2023, Duncan conversed with Alycia Perry, HR Coordinator for IQVIA, who confirmed that the reason IQVIA would not make Duncan full-time was because she was taking too much time off to care for her son.

24. In December 2022, shortly after Schmidt told Duncan she was taking too much time off to care for her son, Duncan applied for and was approved for intermittent FMLA to care for her son.

25. Over the course of Duncan's intermittent FMLA leave period, IQVIA repeatedly deprived Duncan of her pay by subtracting the hours she took as FMLA leave from the amount of pay she should have received for hours she had worked.

26. IQVIA delayed correcting Duncan's pay shortage, often by several weeks and months, despite Duncan's repeated requests that her pay be corrected.

27. IQVIA has yet to correct Duncan's pay for 2023.

28. In or around January 2023, Duncan requested reasonable accommodations for her disability (1) in the form of color-coding spreadsheet entries and (2) written follow-up from her supervisor regarding specific task assignments.

29. IQVIA management agreed to these accommodations but did not abide by them.

## COUNT I.

### (ADA, disability discrimination)

30. Duncan incorporates all preceding paragraphs as if fully stated herein.

31. IQVIA discriminated against Duncan because of her disability by denying her full-time employment status that would qualify her for health insurance benefits.

32. IQVIA discriminated against Duncan because of her association with her disabled son by denying her full-time employment status that would qualify her for health insurance benefits.

33. IQVIA harassed Duncan because of her disability by continually altering and tampering with her reasonable accommodation of color-coded spread sheet entries and not complying with the accommodation of written communications.

34. Duncan suffered damages resulting from IQVIA's discrimination.

## COUNT II.

### (ADEA)

35. During the period of time Duncan was repeatedly asking to be converted to full-time, IQVIA hired two applicants as full-time Recruiting Associates, the same position that Duncan had originally applied for.

36. The two new hires were younger than Duncan, were not in the protected age group of the ADEA and were less qualified than Duncan for the position.

37. IQVIA transferred many of Duncan's duties to the two new hires.

38. IQVIA discriminated against Duncan based on her age by failing to select Duncan to the full-time position and selecting two younger applicants instead of Duncan.

## COUNT III.

### (ERISA claim)

39. Duncan incorporates by reference paragraphs 1 – 23 above as if fully stated herein.

40. IQVIA maintains an ERISA qualified benefits plan, including health insurance.

41. Duncan was otherwise qualified for full-time employment status by virtue of her job duties and experience.

42. IQVIA intentionally denied Duncan her right to health insurance benefits by denying her full-time employment status which would have entitled her to health insurance benefits.

## COUNT IV.

**(FMLA claim, IQVIA & Sally Schmidt)**

43. Duncan incorporates by reference paragraphs 1 through 27 above as if fully stated herein.

44. Schmidt and IQVIA interfered with Duncan's FMLA rights by subtracting the FMLA leave hours she took from her pay that she had earned for the hours she had worked.[1]

## COUNT V.

**(Promissory Estoppel)**

45. Duncan incorporates by reference paragraphs 1 through 23 above as if fully stated herein.

46. IQVIA made a promise to Duncan that they would make her a "full-time" employee "in a short while" after her on-boarding as a PRN Recruiting Associate.

47. Duncan relied to her detriment on IQVIA's promise to transition Duncan to full-time employee status.

48. IQVIA breached its promise to Duncan by failing to designate her as a full-time employee.

## REQUESTED RELIEF

**WHEREFORE,** Plaintiff requests judgment in her favor against Defendants and that the following be awarded:

a. Damages, including backpay plus interest, and compensatory damages resulting from Defendant's violation of Duncan's ADA rights;

---

[1] Example: If Duncan worked 20 hours and also took 4 hours intermittent FMLA that same pay period, IQVIA would subtract 4 hours from the 20 hours she actually worked and pay her for only 16 hours.

b. Damages, including backpay plus interest, and liquidated damages resulting from Defendant's violation of Duncan's ADEA rights;

c. Damages, including backpay plus interest, and liquidated damages resulting from Defendant's violation of Duncan's FMLA rights;

d. Damages, resulting from Defendant's violation of Duncan's ERISA rights;

e. Damages, including back pay plus interest for breach of IQVIA's promise to Duncan to make her a full-time employee;

f. Reasonable attorney's fees and costs;

g. Injunctive relief in the form of job instatement to full-time employee status and restoration of all employment related benefits with no loss of seniority, or in the alternative, ten years front pay;

h. Any other such relief as the court may deem just, proper, and equitable; and,

i. Any relief as the Court deems necessary and proper in the public interest.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues and questions for triable.

Respectfully submitted,

*/s/ Tae Sture*
Tae Sture, Attorney No. 25120-29
Sture Legal Services, LLC
155 East Market Street, Suite 501
Indianapolis, IN 46204
Ph: (317) 577-9090
Fax: (317) 577-1102
Email: tae@sturelaw.com